State of Nebraska, appellee, v.
Joshua G. Alfredson, appellant.
___ N.W.2d ___

Filed February 21, 2014.    No. S-13-036.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.

2. **Postconviction.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.

3. **Effectiveness of Counsel: Appeal and Error.** A petitioner's claim that his or her defense counsel provided ineffective assistance presents a mixed question of law and fact. An appellate court reviews factual findings for clear error. Whether the defense counsel's performance was deficient and whether the petitioner was prejudiced by that performance are questions of law that the appellate court reviews independently of the lower court's decision.

4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

5. **Postconviction: Final Orders.** Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing.

6. ____: ____. An order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim.

7. **Postconviction: Time: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912 (Reissue 2008), a notice of appeal must be filed on postconviction claims within 30 days.

8. **Right to Counsel: Plea Bargains.** The plea-bargaining process presents a critical stage of a criminal prosecution to which the right to counsel applies.

9. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.

10. ____: ____. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.

11. **Effectiveness of Counsel: Presumptions.** In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness.

12. **Effectiveness of Counsel: Proof.** To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

13. **Postconviction: Effectiveness of Counsel: Proof.** The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim.
14. **Effectiveness of Counsel: Plea Bargains.** As a general rule, defense counsel has the duty to communicate to the defendant all formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant.

Appeal from the District Court for Lancaster County: KAREN B. FLOWERS, Judge. Affirmed.

Nancy K. Peterson for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HEAVICAN, C.J.

## NATURE OF CASE

This is a postconviction appeal. Joshua G. Alfredson was convicted by a jury of first degree sexual assault and second degree false imprisonment. He was sentenced to 15 to 20 years' imprisonment for first degree sexual assault and 1 year's imprisonment for second degree false imprisonment, to be served concurrently. On direct appeal, his convictions and sentences were affirmed.[1]

Alfredson now appeals the district court's July 24, 2012, dismissal of all but one of his claims for postconviction relief without an evidentiary hearing. An evidentiary hearing was held on trial counsel's failure to disclose an alleged plea offer. Alfredson also appeals the district court's December 11 denial of his ineffective assistance of counsel claim based on those allegations. We affirm.

## BACKGROUND

The facts adduced at Alfredson's trial are discussed in greater detail in *State v. Alfredson*,[2] and are limited herein

---

[1] *State v. Alfredson*, 282 Neb. 476, 804 N.W.2d 153 (2011).

[2] *Id.*

to the facts pertinent to Alfredson's appealed postconviction claims. The sexual assault and false imprisonment took place in Alfredson's apartment on April 5, 2009. The victim testified that on that date, Alfredson, with whom she had previously had a sexual relationship, became increasingly angry.

The victim testified that Alfredson ingested cocaine that he kept in a prescription bottle. When the victim attempted to leave, taking the prescription bottle with her, Alfredson physically prevented her from doing so. Alfredson proceeded to sexually assault her.

After his convictions and sentences were affirmed by this court, Alfredson timely filed a motion for postconviction relief. His amended motion alleged that (1) the trial court erred, under Neb. Rev. Stat. § 27-404 (Cum. Supp. 2012), in allowing evidence of his cocaine use; (2) there was prosecutorial misconduct; (3) he received ineffective assistance of trial counsel for a variety of reasons, including failure to object at trial to the cocaine testimony and failure to properly investigate; (4) the trial court failed to properly instruct the jury; (5) there was insufficient evidence to support his convictions; (6) he received ineffective assistance of appellate counsel; and (7) trial counsel was ineffective for failing to advise him of plea negotiations.

On July 24, 2012, the district court held that the

> State's motion to deny an evidentiary hearing is overruled with respect to the allegation that Alfredson received ineffective assistance of counsel with respect to a plea offer allegedly made by the State prior to trial. The Motion to deny an evidentiary hearing is sustained as to all other allegations contain [sic] in Alfredson's Motion for Post-Conviction relief.

The district court also appointed counsel.

On November 27, 2012, an evidentiary hearing was held. Alfredson offered his own deposition testimony and the deposition testimony of trial counsel. At the hearing, the State called as witnesses trial counsel and the deputy county attorney who prosecuted the case.

In his deposition, Alfredson testified that trial counsel discussed only one plea offer with him in September 2009. This

was a formal written offer extended by the county attorney to trial counsel that would have allowed Alfredson to plead guilty to one count of attempted first degree sexual assault, a Class III felony. Alfredson rejected the offer.

Alfredson testified that after he acquired trial counsel's case file, he discovered that in mid-December 2009, a "plea offer" was made. In his deposition, Alfredson argues that he would have given consideration to this plea offer because it would have allowed him to continue his education under the "GI Bill" upon his release from incarceration.

According to trial counsel's notes, which were admitted into evidence, the alleged "plea offer" occurred on December 16, 2009. Trial counsel testified that he had an unexpected and brief meeting with the county attorney at the courthouse. According to trial counsel, the county attorney asked trial counsel whether Alfredson would be interested in two "zero to fives," with both being sex charges. The county attorney testified that he had no recollection of that conversation.

Trial counsel, a public defender since 1984, testified that he did not believe the December 16, 2009, conversation was a formal plea offer, because there was no discussion about what charges Alfredson would plead guilty to. The county attorney testified that before he can negotiate a formal plea offer, he is required to consult with the victim and his superiors, which he did not do in December 2009. The county attorney testified that therefore, he did not believe the December 16 conversation, if it occurred as recalled by trial counsel, was a formal offer for a plea deal.

Trial counsel admits that he did not communicate the alleged plea offer to Alfredson until he met with him face-to-face on December 31, 2009. Trial counsel testified that he did not recollect the December 31 meeting, but testified that his notes reflect that Alfredson was not willing to plead guilty to any felony. Trial counsel believes that this note was written because Alfredson had rejected the alleged "zero to fives" offer.

Alfredson testified that on December 31, 2009, trial counsel simply asked him whether there was any felony to which he would plead. Alfredson recalls no discussion of offenses,

punishments, sex offender registry issues, or collateral consequences.

After the evidentiary hearing, the district court, on December 11, 2012, denied Alfredson's motion for postconviction relief on the ineffective assistance of trial counsel claim for failure to disclose the plea offer. The district court noted that there was no evidence that a formal offer was made on December 16, 2009. It found that Alfredson had failed to present any evidence to show a reasonable probability that the offer would not have been canceled before the plea offer could have been accepted, because the evidence indicated that the county attorney was not authorized to make such a plea offer.

Alfredson filed his notice of appeal on January 10, 2013.

## ASSIGNMENTS OF ERROR

Alfredson assigns that the district erred in (1) finding trial counsel was not ineffective for failing to communicate a plea offer and (2) dismissing without an evidentiary hearing his claims that trial counsel was ineffective for failing to properly investigate the incident and for failing to make an objection under § 27-404 to the evidence of his cocaine use and possession.

## STANDARD OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.[3] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[4]

[3] A petitioner's claim that his or her defense counsel provided ineffective assistance presents a mixed question of law and fact.[5] We review factual findings for clear error.[6]

---

[3] *In re Interest of Violet T.*, 286 Neb. 949, 840 N.W.2d 459 (2013).

[4] *State v. Boppre*, 280 Neb. 774, 790 N.W.2d 417 (2010).

[5] *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013).

[6] *Id.*

Whether the defense counsel's performance was deficient and whether the petitioner was prejudiced by that performance are questions of law that we review independently of the lower court's decision.[7]

## ANALYSIS

### JURISDICTION

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[8] The district court entered two separate orders denying Alfredson's postconviction claims. The first order, on July 24, 2012, denied all claims without an evidentiary hearing except for the claim relating to the alleged plea offer. The second order, entered on December 11, after the evidentiary hearing, denied the remaining claim.

[5-7] Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing.[9] In other words, an order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim.[10] Under Neb. Rev. Stat. § 25-1912 (Reissue 2008), a notice of appeal must be filed on those postconviction claims within 30 days.

The order denying all but one of Alfredson's postconviction claims without an evidentiary hearing was entered on July 24, 2012. Alfredson's notice of appeal, filed on January 10, 2013, is therefore untimely with respect to that order. Alfredson's right to appeal the July 24, 2012, order is time barred. Accordingly, our jurisdiction extends only to the assignment of error relating to Alfredson's claim that his trial counsel was ineffective for failing to disclose a plea bargain, as to which the appeal is timely.

---

[7] *Id.*

[8] *Carlos H. v. Lindsay M.*, 283 Neb. 1004, 815 N.W.2d 168 (2012).

[9] *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).

[10] *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

### Ineffective Assistance—
### Plea Bargain

[8] Alfredson's only surviving assignment of error regards his claim that trial counsel's failure to disclose an offered plea bargain constituted ineffective assistance. The plea-bargaining process presents a critical stage of a criminal prosecution to which the right to counsel applies.[11] As in any other ineffective assistance of counsel claim, we begin by reviewing Alfredson's allegations under the two-part framework of *Strickland v. Washington*.[12]

[9-11] To prevail on a claim of ineffective assistance of counsel under *Strickland*, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.[13] To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[14] In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness.[15]

[12,13] To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[16] The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim.[17]

Relying on federal circuit court precedent, we have previously stated that a trial counsel's failure to communicate a plea offer to a defendant is deficient performance as a matter

---

[11] *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011).

[12] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[13] *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

[14] *Id*.

[15] *State v. Iromuanya, supra* note 11.

[16] *State v. Vanderpool, supra* note 13.

[17] *Id*.

of law.[18] This proposition of law has not been explored by our court with any detail.

Recently, the U.S. Supreme Court has clarified the issue. In *Missouri v. Frye*,[19] defense counsel failed to advise the defendant about a letter sent by the prosecutor detailing two different offers. The offers detailed the charges to which the defendant would plead, the proposed sentences, and when the offer would expire.[20] After his direct appeal had been exhausted, the defendant filed a motion for postconviction relief and the motion was denied by the Missouri Court of Appeals.

After granting certiorari, the U.S. Supreme Court held that trial counsel was deficient in failing to communicate to the defendant the prosecutor's formal written plea offer. The Supreme Court stated that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."[21] The Court stressed that negotiation tactics for plea bargaining are unique to each individual and that thus, it would not be prudent to define detailed standards for what constitutes a plea bargain offer.[22] Under the facts presented in *Frye*, the Court noted that any exceptions to the rule need not be discussed, because it was undisputed that the offer was a formal one.[23]

The Court addressed the State of Missouri's concern that such a broad rule would result in late, frivolous, and fabricated claims by stressing that it applies only to "formal offers." The opinion explains: "[T]he fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier

---

[18] *State v. Iromuanya, supra* note 11.

[19] *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012).

[20] *Id.*

[21] *Id.*, 132 S. Ct. at 1408.

[22] *Id.*

[23] *Id.*

pretrial negotiations."[24] The Court also suggests that states, in order to prevent abuse, can elect to require all offers to be in writing or require all offers be made part of the record by the prosecutor.

[14] We now hold that, as a general rule, defense counsel has the duty to communicate to the defendant all formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant.

Here, the district court made a factual finding that no formal offer was made on December 16, 2009. In a postconviction case, the findings of the district court will not be disturbed unless they are clearly erroneous.[25] Our review of the record finds that the district court's factual finding that there was no formal offer is amply supported by the record.

The alleged December 16, 2009, conversation was never formalized in writing. It was made in passing, and key details such as the charges to which Alfredson would plead were not discussed. This is in direct contrast to the September plea bargain offer, which was made in writing and contained all relevant terms of the agreement.

Both trial counsel and the county attorney testified that they did not believe the discussion constituted an offer. The county attorney testified that it is a normal occurrence for him to discuss the possibility of future plea bargains with defense counsel. However, he testified that under Nebraska law, he is not allowed to offer a plea bargain without first consulting with the victim.[26] He is also required to have the plea bargain approved by his superiors before making a formal offer. Neither of the procedural requirements occurred prior to the December 16, 2009, conversation.

In sum, we conclude the district court was not clearly erroneous in its finding that there was not a formal offer made on December 16, 2009. The overwhelming weight of the evidence presented at the evidentiary hearing establishes that neither the

---

[24] *Id.*, 132 S. Ct. at 1409.

[25] *State v. Robinson, supra* note 5.

[26] See Neb. Rev. Stat. § 29-120 (Reissue 2008).

State nor trial counsel for Alfredson believed the courthouse discussion constituted a formal offer. Without a formal offer being made, trial counsel could not have been deficient in failing to disclose it to Alfredson. Alfredson has failed to present sufficient evidence to overcome the presumption that his trial counsel acted reasonably.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

CASSEL, J., not participating.

————————————

JANE DOE, APPELLANT AND CROSS-APPELLEE, V.
FIREMAN'S FUND INSURANCE COMPANY,
APPELLEE AND CROSS-APPELLANT.

___ N.W.2d ___

Filed February 21, 2014.    No. S-13-075.

1.  **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.
2.  ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.
3.  **Bankruptcy: Judgments: Appeal and Error.** Whether the automatic stay provisions of 11 U.S.C. § 362(a) (2006 & Supp. III 2009) have been violated is a question of law. An appellate court reaches a conclusion regarding questions of law independently of the trial court's conclusion.
4.  **Judgments: Final Orders.** To constitute a judgment under Neb. Rev. Stat. § 25-1301 (Reissue 2008), a judge's decision must be both rendered and entered.

Appeal from the District Court for Red Willow County: DAVID URBOM, Judge. Affirmed.

Vincent M. Powers, of Vincent M. Powers & Associates, for appellant.