IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CHUOL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GATDET G. CHUOL, APPELLANT.

Filed March 31, 2015.    Nos. A-14-180, A-14-187.

Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Affirmed.

Michael J. Wilson and Jessica P. Douglas, of Schaefer Shapiro, L.L.P., for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Gatdet G. Chuol appeals an order of the district court for Douglas County, Nebraska, denying postconviction relief after an evidentiary hearing in these cases consolidated at trial. On appeal, Chuol alleges that the court erred in denying postconviction relief and in not making sufficient findings. We find the claims raised on appeal to be meritless, and we affirm.

## II. BACKGROUND

The events giving rise to this action occurred in June 2011 when law enforcement officers responded to a clothing store in Omaha, Nebraska, in regards to a call about an armed robbery. Officers were told that two black males, both armed with handguns, had entered the store and forced employees and a customer to the floor at gunpoint. The suspects took cash and told the employees and customer to pray for their lives for 60 seconds as the suspects left the store. The

- 1 -

robbery was captured on video surveillance. Chuol was identified as a potential suspect and was eventually arrested. While incarcerated, Chuol engaged in a series of telephone conversations with other people, and during the course of the conversations discussed attempting to murder a witness and discussed a possible manner of conducting the attempted murder. One individual Chuol had spoken to subsequently went to the clothing store and repeatedly shot the witness.

Chuol was originally charged under two separate trial dockets. In the first, he was charged with two counts of robbery and two counts of use of a deadly weapon. In the other, he was charged with criminal conspiracy and witness tampering. Chuol initially entered not guilty pleas in both cases.

In December 2011, the county attorney in the cases provided a formal written plea offer with two options. The first option was for Chuol to enter pleas to all charges in exchange for the State agreeing to recommend a total sentence of 60 years. The second option was for Chuol to plead to one count of robbery, one count of use of a weapon, and one count of conspiracy, in exchange for the State making "no specific recommendation of a total sentence."

Chuol eventually appeared in court to change his pleas. Chuol agreed to enter pleas to one count of robbery, one count of use of a weapon, and one count of conspiracy. At the time of sentencing, counsel for the State discussed the victim, the witness who was shot, and his ongoing issues as a result of this incident. Counsel noted that the victim remained very fearful and asked that "the Court . . . go along with what the PSI has recommended for substantial periods of incarceration."

Chuol was eventually sentenced to 15 to 20 years' imprisonment on the robbery conviction, 20 to 30 years' imprisonment on the use of a weapon conviction, and 30 to 40 years' imprisonment on the conspiracy conviction.

Chuol filed a direct appeal in which his sole assignment of error was that the sentences imposed were excessive. This court sustained a motion for summary affirmance filed by the State.

Chuol, appearing pro se, filed a motion for postconviction relief. In that motion, he alleged that his trial counsel had been ineffective for failing to object at sentencing when, according to Chuol, the State violated the terms of the plea agreement. Chuol alleged that the State had agreed to "remain silent" at sentencing and that, contrary to that agreement, the State had recommended a significant period of incarceration. He also alleged trial counsel was ineffective for referencing a prior incident when arguing to the court for a lighter sentence. He also alleged that his appellate counsel was ineffective for failing to raise issues of prosecutorial misconduct on direct appeal.

The trial court granted an evidentiary hearing. At the evidentiary hearing the court took judicial notice of the plea and sentencing proceedings and received as exhibits a deposition of Chuol and a deposition of Chuol's trial and appellate counsel.

In Chuol's deposition, he indicated that he had decided to accept the second option offered as a plea offer by the State in the formal plea offer discussed above. Chuol indicated that the fact that counsel for the State had, at sentencing, spoken about the victim not being present in court and continuing to be afraid and referencing the recommendations of the presentence report constituted a violation of the plea agreement. He indicated that he had expected counsel for the State "to remain silent" and "to sit quiet."

Chuol's trial and appellate counsel, however, testified that Chuol had not accepted either of the options presented in the formal plea offer discussed above, had actually simply agreed to a

completely separate plea offer, and that the plea agreement did not include anything about the State remaining silent or making recommendations at sentencing. Counsel testified that it was "not the agreement at the time of sentencing" that the State would remain silent. He also testified that even if Chuol had accepted the formal plea offer that included the State's promise not to make a specific recommendation, the State's comments at sentencing were not a specific recommendation of any particular sentence and would not have been a violation of the plea agreement.

The court held that the terms of the formal plea offer discussed above did not require the State to "remain silent" during sentencing. The court also held that "[a]fter [Chuol] rejected the offers in [the formal plea offer discussed above], there is no credible evidence that there was any agreement about the State remaining silent at sentencing at that point." As a result, the court denied Chuol's motion for postconviction relief. This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Chuol has assigned three errors. First, he asserts that the district court erred in denying his motion for postconviction relief on the basis of the State's violation of the plea agreement. Second, he asserts that he should be allowed to withdraw his pleas. Third, he asserts that the "court failed to sufficiently determine the issues and make findings of fact and conclusions of law."

## IV. ANALYSIS

### 1. DENIAL OF POSTCONVICTION RELIEF

On appeal, Chuol first asserts that the district court erred in denying postconviction relief because the State breached the terms of the plea agreement and his trial counsel did not object to the breach. He argues that the plea agreement included a promise that the State would not make a recommendation of a total sentence and the State breached that promise by recommending substantial periods of incarceration. Based on the record presented at the evidentiary hearing, we find no merit to this assignment of error.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim. *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014).

Chuol argues on appeal that the evidence demonstrates that his understanding of the plea agreement was that the State would not make any specific recommendation about sentencing, that the State breached this when it made comments about the victim's ongoing problems and fear and recommended the court "go along with what the PSI has recommended for substantial periods of incarceration." He argues that counsel's failure to object to this was deficient performance, prejudiced him, and merited postconviction relief.

Our review of the record, however, indicates that Chuol's trial counsel specifically testified that the plea agreement that led to Chuol's changing his pleas did not include any promise by the State concerning remaining silent or not making recommendations at sentencing. Counsel testified

that Chuol rejected the plea offer that did include such a provision and that it had been taken off the table, that he continued to negotiate with counsel for the State, and that eventually the State agreed to allow Chuol to enter pleas in exchange for dismissal of other charges, but did not make any promises regarding sentencing. A review of Chuol's plea, similarly, indicates that when the court stated the terms of the plea agreement it did not make any reference to the State refraining from making any kind of statements during sentencing.

The district court found Chuol's counsel's testimony to be more credible than Chuol's on this matter, finding that there was "no credible evidence" that the State had agreed to refrain from speaking in any way at sentencing. The court's findings are supported by the evidence adduced at the evidentiary hearing. We find no merit to Chuol's assignment of error to the contrary.

## 2. WITHDRAWAL OF PLEA

Chuol next assigns as error that he should be allowed to withdraw his pleas because the record demonstrates that his counsel failed to ensure that he understood the plea agreement. This assertion is meritless.

In this assignment of error Chuol again argues that his understanding of the plea agreement was that the State was promising not to make a recommendation about sentencing and argues that if that was not actually the case, then through no fault of his own he did not know all of the terms and his counsel failed to make sure that he did.

As we have noted above, there was evidence adduced at the evidentiary hearing from both Chuol and from his counsel. Chuol's counsel testified that he made it clear to Chuol that the plea offer that included a promise that the State would not make a recommendation at sentencing was "off the table." The plea agreement that was reached between Chuol and the State did not include any such promise. When the court iterated the plea agreement at the time of the pleas, there was no reference to any such promise. As we have found no ineffective assistance of counsel has been demonstrated by Chuol, he has not demonstrated a basis for withdrawing his pleas. This assigned error is without merit.

## 3. FINDINGS

Finally, Chuol argues that the district court failed to make sufficient findings of fact and conclusions of law regarding its denial of postconviction relief. We find no merit to this assertion.

Neb. Rev. Stat. § 29-3001 (Reissue 2008) provides that the court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." In this case, the district court's order denying postconviction relief was sufficient. The court issued a seven page order, in which the court recounted the factual and procedural history of the case, summarized the claims raised by Chuol in his motion for postconviction relief and the evidence adduced at the evidentiary hearing, and made a finding that "there is no credible evidence" that the plea agreement included an obligation by the State to not make a recommendation at sentencing.

Inasmuch as Chuol's claim below was based on his assertion that the State breached the plea agreement by making a recommendation at sentencing, the district court's specific finding that the evidence did not support a finding that the State had agreed not to make a recommendation is a sufficient finding for purposes of § 29-3001. Even though the court did not then make a specific finding that counsel's performance in not objecting to the alleged breach of the plea agreement

was not deficient, the finding that there was nothing to object to has the same impact and provides a sufficient basis for this court's review. This assigned error is without merit.

## V. CONCLUSION

We find no merit to the issues raised on appeal. We affirm.

AFFIRMED.