Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/09/2016 09:07 AM CDT

State of Nebraska, appellee, v.
Roger K. Schmidt, Sr., appellant.

___ N.W.2d ___

Filed August 9, 2016.    No. A-15-584.

1. **Postconviction: Evidence: Witnesses: Appeal and Error.** In an evidentiary hearing, as a bench trial provided by Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2014) for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. In an appeal involving such a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous.

2. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.

3. **Postconviction: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.

4. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.

5. **Postconviction: Constitutional Law.** The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2014), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights.

6. **Evidence: Words and Phrases.** Generally, newly discovered evidence is evidence material to the defense that could not with reasonable diligence have been discovered and produced in the prior proceedings.

7. **Effectiveness of Counsel: Proof.** The factual predicate for a claim concerns whether the important objective facts could reasonably have been discovered, not when the claimant should have discovered the legal significance of those facts.

8. **Effectiveness of Counsel: Plea Bargains.** As a general rule, defense counsel has the duty to communicate to the defendant all formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant.
9. **Trial: Attorney and Client: Effectiveness of Counsel: Plea Bargains.** A trial counsel's failure to communicate a plea offer to a defendant is deficient performance as a matter of law.
10. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Jefferson County: Paul W. Korslund, Judge. Affirmed.

Lyle J. Koenig, of Koenig Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Moore, Chief Judge, and Inbody and Riedmann, Judges.

Moore, Chief Judge.

## INTRODUCTION

Roger K. Schmidt, Sr., appeals from an order of the district court for Jefferson County denying his second motion for postconviction relief. We determine that Schmidt's second motion was barred by the limitation period set forth in the Nebraska Postconviction Act, specifically Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2014), and therefore, we affirm the district court's order denying postconviction relief.

## BACKGROUND

### Conviction and Sentencing

On March 14, 2007, Schmidt was convicted by jury before the district court of Jefferson County on one count of first degree sexual assault on a child in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995), a Class II felony, and four counts of sexual assault of a child in violation of Neb. Rev. Stat. § 28-320.01 (Cum. Supp. 2004), Class IIIA felonies. The

jury acquitted Schmidt on one count of first degree sexual assault on a child and one count of sexual assault of a child. On May 18, Schmidt was sentenced to imprisonment for a period of 18 to 25 years for the count of first degree sexual assault and a period of 5 years for each of the four individual counts of sexual assault, with all sentences to run consecutively. Schmidt's convictions and sentences were affirmed on direct appeal. See *State v. Schmidt*, 16 Neb. App. 741, 750 N.W.2d 390 (2008). See, also, *State v. Schmidt*, 276 Neb. 723, 757 N.W.2d 291 (2008). Schmidt retained the same counsel, Kelly S. Breen, for both the original trial and his direct appeal.

## First Motion for Postconviction Relief

On October 19, 2010, Schmidt, having retained new counsel, filed his first motion for postconviction relief in the district court, alleging in part ineffective assistance of trial counsel. His counsel has remained the same from this first motion through the present appeal. This motion, as supplemented, claimed that Breen failed to investigate and prepare witnesses; to mitigate potentially harmful statements; to adequately challenge various statements, testimony, and the competency of witnesses; to assert available defenses; to make necessary objections and a proper offer of proof; and to employ an expert. This motion did not allege that Breen failed to communicate a formal plea offer.

On October 28, 2011, the district court denied this motion without an evidentiary hearing. This court affirmed the denial on appeal on March 19, 2013. See *State v. Schmidt*, case No. A-11-981, 2013 WL 1111520 (Neb. App. Mar. 19, 2013) (selected for posting to court Web site). The Nebraska Supreme Court subsequently denied Schmidt's petition for further review.

## Second Motion for Postconviction Relief

On March 13, 2014, Schmidt filed a second motion for postconviction relief based upon an alleged newly recognized

constitutional right and a new allegation of ineffective assistance of counsel discovered during the pendency of the appeal of the first motion. Specifically, Schmidt asserted that the U.S. Supreme Court, for the first time in *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) (both decided on March 21, 2012), identified defective performance of counsel during plea negotiations as potential ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution.

Schmidt claimed that such ineffective assistance of trial counsel occurred in his case due to Breen's alleged failure to communicate a formal plea offer proffered by the prosecutor, Linda Bauer, prior to the original trial. Specifically, Schmidt alleged that on March 26, 2012, he discovered that the State had offered a plea agreement to Breen, prior to the original trial. The plea offer would have allowed Schmidt to plead guilty to three counts of sexual contact, Class IIIA felonies, carrying a maximum penalty of 15 years' imprisonment and a $30,000 fine during the period at issue, in exchange for all other charges being dismissed. See Neb. Rev. Stat. § 28-105(1) (Supp. 2015). Schmidt claims that Breen never communicated this plea offer to him. Schmidt further alleged that it was the U.S. Supreme Court's rulings in *Lafler v. Cooper, supra*, and *Missouri v. Frye, supra*, that caused Schmidt's present counsel to inquire from Bauer whether a plea agreement had been offered to Schmidt.

Schmidt alleged that his request for postconviction relief was not barred by the Nebraska Postconviction Act's 1-year statute of limitations for filing such motions. See § 29-3001(4).

First, Schmidt asserted that the second motion for postconviction relief was timely filed under § 29-3001(4)(d) due to the presence of the newly recognized constitutional right set forth above. This section provides that the 1-year statute of limitations for postconviction relief runs from "[t]he date on which a constitutional claim asserted was initially recognized

by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review[.]" § 29-3001(4)(d).

Next, Schmidt alleged that his motion for postconviction relief was timely filed under § 29-3001(4)(b), which states that the 1-year statute of limitations for postconviction relief runs from "[t]he date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence." § 29-3001(4)(b).

Although Schmidt claims to have first received information regarding the plea offer on March 26, 2012, he asserted that because the appeal of the denial of his first motion for postconviction relief was pending before this court at that time, the 1-year statute of limitations in § 29-3001 did not begin to run until our opinion was released on March 19, 2013, thus making his second motion filed on March 13, 2014, timely. He similarly alleged that the U.S. Supreme Court cases of *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), were released during the pendency of the prior appeal which in turn tolled the running of the statute of limitations until the release of this court's opinion on March 19, 2013.

On April 22, 2014, the State filed a motion to dismiss Schmidt's second postconviction motion. On September 12, the court entered an order denying the State's motion to dismiss and determining that Schmidt was entitled to an evidentiary hearing on his claims. However, the State filed a motion to reconsider on September 25, and a hearing was held on this motion on October 14.

First Order of District Court:
No Newly Recognized Constitutional Right

On January 14, 2015, the district court entered its order in response to the State's motion to reconsider. The court first

found that Schmidt's claim based upon a "newly recognized right" was time barred under § 29-3001(4)(d), relying upon *Williams v. U.S.*, 705 F.3d 293 (8th Cir. 2013), which concluded that neither *Lafler v. Cooper, supra*, nor *Missouri v. Frye, supra*, announced a new rule of constitutional law.

However, the court held that questions remained surrounding whether and when the factual predicate for Schmidt's claim of ineffective assistance of counsel (the failure to communicate the plea offer) could reasonably have been discovered. Therefore, the court ordered an evidentiary hearing on that issue to determine whether the second motion was timely under § 29-3001(4)(b).

## Evidentiary Hearing

On March 19, 2015, an evidentiary hearing was held on Schmidt's second motion for postconviction relief. The State called Breen and Schmidt as witnesses. Schmidt called his wife and his daughter as witnesses. An affidavit of Bauer, the former Jefferson County Attorney who prosecuted the original action against Schmidt for sexual assault, was received in evidence. Attached to the affidavit was the plea letter sent by Bauer to Breen dated November 15, 2006.

In the plea letter, Bauer stated that "[m]y offer of three counts of Sexual Contact (Class IIIA Felonies) still stands." Breen testified that this plea offer was initially an oral offer, made by Bauer after Breen approached her and asked if the State would be making any plea offers. Specifically, the oral offer provided that if Schmidt pled guilty to three counts of sexual contact with a child, each a Class IIIA felony, the State would dismiss the four remaining counts.

Breen testified further regarding the plea offer and discussions with Schmidt concerning the offer. Breen stated that the oral plea offer was made early in the case and that he discussed the offer with Schmidt while he was incarcerated at the Jefferson County jail. Breen believes that this first discussion occurred before September 7, 2006. He remembered this date

because it was when Schmidt's bond was reduced at a bond review hearing, and Schmidt subsequently bonded out of jail on September 11.

During this discussion with Schmidt at the jail, Breen explained that Schmidt would have to plead either guilty or no contest to the Class IIIA felonies. He also explained the elements of the crime of sexual contact with a child. Breen informed Schmidt of the maximum penalty of 5 years and a $10,000 fine per count and that the sentences could run concurrently or consecutively. Breen advised Schmidt that the plea offer was a good deal and recommended accepting it. Schmidt responded that he would have to speak with his wife before agreeing to a deal.

Breen visited Schmidt in jail a second time. Schmidt then informed Breen of his decision not to accept the offer. Schmidt had discussed the offer with his wife and was concerned about the possibility of dying in jail, because of a medical condition, if he was given consecutive sentences. Schmidt also told Breen that he would consider accepting a plea offer if the State would recommend probation. Breen then attempted to garner a better plea offer.

Breen thereafter received the November 2006 plea letter from Bauer. The letter explained that Bauer spoke with the victims' families regarding sentencing and that neither family felt probation would be appropriate. As mentioned previously, the letter provided that the original oral offer "still stands."

Breen testified that within days of receiving this letter, he informed Schmidt over the telephone that the oral offer had been made in writing, but the State would probably withdraw the offer soon. Schmidt again declined the offer, giving the same explanation as before. Breen testified that fairly close to trial, he visited the Schmidt residence and informed Schmidt that the State might be willing to reconsider the plea offer, but Schmidt rejected this proposal.

Schmidt testified that the plea offer was never communicated to him and that neither Schmidt nor his current counsel

were aware of the offer until March 26, 2012, when current counsel received a copy of the letter from Bauer. Schmidt claims that if the offer had been communicated to him, he would have accepted it. Schmidt's wife also testified that Breen never discussed a plea offer with Schmidt or herself. Schmidt's daughter similarly confirmed that there was no discussion of a plea agreement prior to trial. Lastly, Schmidt's wife testified that she retrieved a copy of Schmidt's case file from Breen in March 2010, but the file did not contain the offer letter. Breen testified that he believed the letter was kept in the case file and that only his work product was removed prior to transferring the file to Schmidt's wife.

### Second Order of District Court: Plea Offer Discoverable Through Exercise of Due Diligence

On May 20, 2015, the district court entered an order finding that the remaining claim in Schmidt's second postconviction motion—the alleged ineffective assistance of counsel for failure to communicate a plea offer—was both time barred under § 29-3001(4)(b) and procedurally barred. The court determined that Schmidt was not entitled to postconviction relief and denied his second motion with prejudice.

The court specifically found the testimony of Breen to be credible and the testimony of Schmidt, his wife, and his daughter to not be credible. On this basis, the court found that the State had extended the plea offer to Schmidt; Breen communicated this offer to Schmidt in jail on or before September 7, 2006; Breen advised that Schmidt accept; Schmidt discussed the offer with his wife; and Schmidt told Breen that he rejected the offer.

Further, the court determined that on November 15, 2006, the State sent a letter to Breen stating that the offer was still available; Breen contacted Schmidt soon thereafter over the telephone regarding the offer, advising him to accept it; and Schmidt rejected the offer a second time. The court also found

that 2 or 3 weeks before trial, Breen visited Schmidt and his wife at their residence and discussed the possibility of revisiting the original offer with the State; Schmidt once again rejected Breen's suggestion. Lastly, the court found that only one offer was ever extended to Schmidt by the State; Breen placed Bauer's offer letter in his case file following receipt; and after Schmidt's direct appeal, Breen removed his work product from the file and gave the file to Schmidt's wife for purposes of Schmidt's first postconviction action.

As a result of these factual findings, the court determined that Schmidt's claim was time barred under § 29-3001(4)(b). Specifically, the court held that "[t]he factual predicate of [Schmidt's] claim was discoverable through the exercise of due diligence on or before September 7, 2006, when the State's formal plea offer was actually communicated to [Schmidt] by his trial counsel."

Lastly, the district court also found that Schmidt's claim was procedurally barred. Because Schmidt was informed of the plea offer prior to his trial and convictions, his initial opportunity to raise claims of ineffective assistance of counsel pertaining to that offer was within his first motion for postconviction relief, not his second.

Because Schmidt assigns as error only the finding that his second postconviction motion was time barred due to the unavailability of § 29-3001(4)(b) and (d), this court need not address whether the claim was procedurally barred.

Schmidt subsequently perfected this appeal.

ASSIGNMENTS OF ERROR

Schmidt assigns, combined and restated, that the district court erred in holding that the second motion for postconviction relief was time barred as a result of being subject to neither (1) an exception when the factual basis for the motion was not reasonably discoverable through due diligence nor (2) an exception for a newly recognized constitutional right.

## STANDARD OF REVIEW

[1,2] In an evidentiary hearing, as a bench trial provided by Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2014) for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. In an appeal involving such a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Armstrong*, 290 Neb. 991, 863 N.W.2d 449 (2015). See, also, *State v. Ware*, 292 Neb. 24, 870 N.W.2d 637 (2015) (defendant requesting postconviction relief must establish basis for such relief, and findings of district court will not be disturbed unless clearly erroneous).

[3,4] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion. *Id*.

## ANALYSIS

[5] The Nebraska Postconviction Act, § 29-3001 et seq., is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015). Section 29-3001 establishes a 1-year statute of limitations pertaining to the filing of verified motions for postconviction relief and provides that such period begins to run on the later of one of five dates, as follows:

> (4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

### Discoverability of Factual Basis for Constitutional Claim

Section 29-3001(4)(b) provides the statutory basis by which the finding of a factual predicate for a constitutional claim not previously discoverable through due diligence can extend the period of available relief under the 1-year statute of limitations governing motions for postconviction relief.

[6,7] Generally, newly discovered evidence is evidence material to the defense that could not with reasonable diligence have been discovered and produced in the prior proceedings. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002). The factual predicate for a claim concerns whether the important objective facts could reasonably have been discovered, not when the claimant should have discovered the legal significance of those facts. *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014). Stated another way, the limitations period "begins when the *facts* underlying the claim could reasonably be discovered" which is "distinct from discovering that those facts are actionable." *Id.* at 99, 853 N.W.2d at 524.

Schmidt maintains on appeal that the discovery of the plea offer, the factual basis for his second motion for postconviction

relief, did not occur until March 26, 2012. The State argues that the district court correctly found the plea offer to have been communicated to Schmidt on or before September 7, 2006, and that therefore, the second motion for postconviction relief was not timely filed under § 29-3001(4).

Upon our review, we find that Schmidt's second motion for postconviction relief was time barred and ineligible for the discovery exception provided by § 29-3001(4)(b). The court's factual finding that Breen communicated the plea offer to Schmidt on or before September 7, 2006, while Schmidt was being held in jail, was not clearly erroneous. Although Schmidt, his wife, and his daughter provided conflicting testimony that the plea offer letter was not communicated to Schmidt, we give weight to the fact that the district court observed the testimony of the witnesses and specifically found that Breen's testimony was credible while Schmidt and his family's testimony was not credible. We can find no error in the trial court's determination in this regard. Although Breen was not absolutely certain regarding the timing of all the events in this case, Breen's testimony about the occurrences was sufficiently specific and deliberate to support his credibility.

Therefore, because the plea offer was disclosed to Schmidt on or before September 7, 2006, the statute of limitations exception provided under § 29-3001(4)(b) for a newly discovered constitutional claim was not applicable and Schmidt's second motion for postconviction relief on March 13, 2014, was time barred.

Schmidt's first assignment of error is without merit.

### Existence of Newly Recognized Constitutional Right

Schmidt asserts that the district court erred when it found defendant's second motion for postconviction relief was also time barred under § 29-3001(4)(d), as it did not assert a newly recognized constitutional claim. As noted above, the court in

its first order determined that Schmidt's second motion was time barred under § 29-3001(4)(d), finding no newly recognized constitutional right supporting Schmidt's claim.

Schmidt argues on appeal that the district court incorrectly determined that the Supreme Court in *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), did not establish a new constitutional right. Specifically, Schmidt claims these cases provided, for the first time, that an attorney has a duty to present his criminal client with notice of a plea offer and that failure to do so may amount to ineffective assistance of counsel in violation of the Sixth Amendment.

The Eighth Circuit Court of Appeals in *Williams v. U.S.*, 705 F.3d 293 (8th Cir. 2013), clearly held that *Lafler* and *Frye* did not announce a new rule of constitutional law. Specifically, the court stated:

> In [*Lafler*] and *Frye*, the Court noted that its analysis was consistent with the approach many lower courts had taken for years, as well as with its own precedent. . . . We therefore conclude, as have the other circuit courts of appeals that have addressed the issue, that neither [*Lafler*] nor *Frye* announced a new rule of constitutional law.

*Williams v. U.S.*, 705 F.3d at 294.

Upon our review, we find that the district court was correct in its determination that *Lafler v. Cooper, supra*, and *Missouri v. Frye, supra*, did not present a new constitutional right. Schmidt's claim of ineffective assistance of counsel based on failure to present a plea offer falls within a category of constitutional claims long recognized by the courts. Therefore, Schmidt's second motion for postconviction relief was ineligible for the statute of limitations exception provided under § 29-3001(4)(d).

[8] Schmidt also cites to *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014), arguing that the Nebraska Supreme Court did not clearly identify the constitutional right at issue

until the issuance of this opinion on February 21, 2014. We disagree with Schmidt's interpretation of the *Alfredson* opinion. The Supreme Court in *Alfredson* was also presented with a claim that the defendant's trial counsel was ineffective for failing to disclose an offered plea bargain. An evidentiary hearing was held on that claim. The Supreme Court affirmed the denial of the postconviction claim, finding that the district court was not clearly wrong in its factual finding that no formal offer was made as alleged by the defendant. The Supreme Court began its analysis by noting that "[r]elying on federal circuit court precedent, we have *previously stated* that a trial counsel's failure to communicate a plea offer to a defendant is deficient performance as a matter of law." *Id.* at 483-84, 842 N.W.2d at 821 (emphasis supplied), citing to *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011). The Supreme Court further noted that "[t]his proposition of law has not been explored by our court with any detail" and proceeded to analyze the U.S. Supreme Court's holdings in *Frye* which "clarified the issue" that defense counsel has a duty to communicate formal plea offers. *State v. Alfredson*, 287 Neb. at 484, 842 N.W.2d at 821. After considering the holding in *Frye*, the Supreme Court stated: "We now hold that, as a general rule, defense counsel has the duty to communicate to the defendant all formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant." *State v. Alfredson*, 287 Neb. at 485, 842 N.W.2d at 821-22.

[9] We read *Alfredson* as confirmation and further explanation of the Supreme Court's prior recognition in 2011, in *State v. Iromuanya, supra*, that a trial counsel's failure to communicate a plea offer to a defendant is deficient performance, in light of the subsequent holding in 2012 in *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012). Thus, the *Alfredson* opinion did not amount to recognition of a new constitutional right by the Nebraska Supreme Court.

Because Schmidt cannot show that a newly recognized constitutional right existed to extend the period of limitations for his claim, the district court did not err in finding that his claim was barred under § 29-3001(4)(d). See *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016) (similarly holding that because defendant's second motion for postconviction relief filed in 2015 asserted constitutional claim initially recognized in 2012, it was barred by 1-year limitation period set forth in § 29-3001(4)(d)).

[10] Lastly, based on our above holdings, this court need not address whether the statute of limitations was tolled during the appeal of Schmidt's first motion for postconviction relief. See *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

Schmidt's second assignment of error is without merit.

## CONCLUSION

The district court properly determined that Schmidt's second motion for postconviction relief was time barred pursuant to § 29-3001(4). Therefore, we affirm.

AFFIRMED.