Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/02/2022 09:07 AM CDT

**State of Nebraska, appellee, v.
Mark Sinachack, appellant.**

___ N.W.2d ___

Filed July 19, 2022.    No. A-21-569.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.

3. **Postconviction: Constitutional Law: Judgments.** Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable.

4. **Postconviction: Constitutional Law: Proof.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

5. **Postconviction: Judgments: Proof.** In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.

6. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668,

104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

7. **Effectiveness of Counsel: Proof: Appeal and Error.** To show that counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different.

8. **Postconviction: Effectiveness of Counsel: Appeal and Error.** A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record.

9. ____: ____: ____. Claims of ineffective assistance of appellate counsel may be raised for the first time on postconviction review.

10. **Effectiveness of Counsel: Appeal and Error.** When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel, an appellate court will first look at whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

11. **Appeal and Error.** Absent plain error, an appellate court ordinarily will not address an issue that was not raised in the trial court.

12. **Right to Counsel: Plea Bargains.** The plea-bargaining process presents a critical stage of a criminal prosecution to which the right to counsel applies.

Appeal from the District Court for Buffalo County: John H. Marsh, Judge. Affirmed.

Thomas S. Stewart for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Moore, Riedmann, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Mark Sinachack appeals from the order of the district court for Buffalo County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## BACKGROUND

In 2017, the State charged Sinachack in an amended information with first degree sexual assault of a child, a Class IB felony, and enticement by an electronic communication device, a Class IV felony. Each of these charges related to Sinachack's relationship with a 15-year-old girl during the summer of 2016. Immediately prior to a bench trial on the two criminal charges, Sinachack indicated to the court that he wished to plead no contest to the charge of enticement by an electronic communication device. The district court accepted the plea.

At the close of the bench trial on the charge of first degree sexual assault of a child, the court found Sinachack guilty, noting that the evidence against him was "overwhelming." The court subsequently sentenced Sinachack to 20 to 30 years' imprisonment on that conviction and to 3 to 6 months' imprisonment on his conviction for enticement by an electronic communication device.

Sinachack attempted to file a pro se notice of appeal from his convictions and sentences. However, the appeal was dismissed because he neither paid the required docket fee nor requested to proceed in forma pauperis.

Sinachack later filed a motion for postconviction relief. In the motion, he alleged, among other things, that his trial counsel had provided ineffective assistance when counsel failed to perfect his direct appeal. Ultimately, the district court granted Sinachack's motion for postconviction relief, in part. Specifically, the court granted his request for a new direct

appeal. The court did not reach any of the other allegations in Sinachack's motion for postconviction relief.

Sinachack, through new counsel, filed a direct appeal of his convictions and sentences. On appeal, he assigned as error that his trial counsel was ineffective. The State filed a motion for summary affirmance, arguing that Sinachack had insufficiently raised his assertions of ineffective assistance of trial counsel pursuant to *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). This court agreed with the State's contention and summarily affirmed Sinachack's convictions and sentences, finding: "Appellant did not specifically assign as error his claims of ineffective assistance of trial counsel. See State v. Mrza, 302 Neb. 931, 926 N.W.2d 79 (2019)." Our mandate was issued on August 11, 2020.

Following our order of summary affirmance, Sinachack obtained a third attorney. Sinachack's new counsel sought leave to file an amended motion for postconviction relief in order to remove some of the claims raised in Sinachack's original motion for postconviction relief as to trial counsel, but to also add claims of ineffective assistance of counsel with regard to his representation on direct appeal. The district court allowed Sinachack to file an amended motion for postconviction relief. That motion is the operative pleading in the current appeal.

In his amended motion for postconviction relief, Sinachack alleged that his appellate counsel was ineffective for failing to properly raise on direct appeal the claim that his trial counsel provided ineffective assistance in the context of plea negotiations. Specifically, Sinachack contended that trial counsel's decision to provide the State with the report from his forensic psychosexual evaluation "torpedoed what had been up to that point a viable chance for Sinachack to avoid a 15-year mandatory minimum sentence by pleading to a lesser offense than the top count in the Information." Sinachack alleged that but for trial counsel's ineffective assistance, he would have pled guilty to a lesser offense and received a much lower sentence.

Sinachack made clear in his amended motion for postconviction relief that he was only contending that trial counsel was ineffective in terms of plea negotiations: "Sinachack does not here allege [trial counsel's] deficient preparation and performance prejudiced Sinachack *at trial*. Sinachack's postconviction investigation revealed no sound basis to [assert any other allegation of ineffective assistance of trial counsel]." (Emphasis in original.)

The district court ultimately entered an order denying Sinachack's amended motion for postconviction relief without an evidentiary hearing. The court explained its judgment as follows:

> Regarding claims that trial counsel's trial strategy is ineffective the analysis is viewed with the strong presumption that counsel's actions were reasonable and appellate courts generally do not second-guess reasonable strategic decisions by counsel. . . . The fact that a calculated trial tactic or strategy fails to work out as planned will not establish that counsel was ineffective. . . .

> Had appellate counsel properly assigned the error, the claim depends on the hypothetical and speculative position that but for disclosing the psychosexual evaluation the prosecutor would have offered a plea bargain to an offense without the 15 year mandatory minimum and that [Sinachack] would have accepted that offer. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is [entitled to] no relief, the Court is not required to grant an evidentiary hearing. . . .

> The Court finds that [Sinachack's] contention regarding disclosure of the psychosexual evaluation is a mere conclusion of fact. Such conclusion is insufficient to rebut the presumption of reasonableness of trial counsel strategy. The Court denies [Sinachack's] request for

an evidentiary hearing and the Amended Motion for Postconviction Relief is dismissed.

(Citations omitted.)

Sinachack appeals from the district court's denial of his amended motion for postconviction relief here.

## ASSIGNMENT OF ERROR

Sinachack, now represented by his fourth attorney, asserts that the district court erred in overruling his motion for post-conviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

[2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

## ANALYSIS

[3] Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Britt, supra*. Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.*

[4,5] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an

infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman*, 310 Neb. 463, 966 N.W.2d 860 (2021). In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *State v. Stelly, supra*.

[6,7] In this case, Sinachack assigns that the district court erred by overruling his motion for postconviction relief without an evidentiary hearing, arguing that he received ineffective assistance of trial and appellate counsel. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Newman, supra*. To show that counsel's performance was deficient under *Strickland v. Washington, supra*, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Newman, supra*. To show prejudice under the prejudice component of the *Strickland v. Washington, supra*, test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Newman, supra*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id*. A court may examine the two prongs of the ineffective assistance of counsel test, deficient performance and prejudice, in any order and need not examine both prongs if a defendant fails to demonstrate either. *Id*.

In his brief on appeal, Sinachack raises multiple issues of ineffective assistance of trial counsel, including that trial counsel was ineffective for disclosing the report from his forensic psychosexual evaluation to the State during plea negotiations, for failing to disclose to him a plea offer made by the State, for failing to investigate the allegations that he had sexual contact with the 15-year-old victim at a certain storage unit, for failing to file a motion to suppress evidence gained from his and the victim's cellular telephones, and for failing to move for a mistrial due to the State's acts of prosecutorial misconduct. Each of Sinachack's assertions of ineffective assistance of trial counsel are procedurally barred.

[8] A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). Our record is clear that Sinachack was represented by different counsel during his direct appeal than at trial. In addition, our record indicates that the alleged deficiencies in trial counsel's performance were known at the time of the direct appeal because Sinachack's appellate counsel attempted to raise such issues. However, appellate counsel failed to properly preserve the issue of ineffective assistance of trial counsel by providing a generalized assignment of error in contravention of the Nebraska Supreme Court's clear directive in *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Accordingly, Sinachack is now precluded from raising any issues of ineffective assistance of trial counsel.

[9,10] However, claims of ineffective assistance of appellate counsel may be raised for the first time on postconviction review. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). When a claim of ineffective assistance of appellate

counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel, an appellate court will first look at whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If trial counsel was not ineffective then the defendant was not prejudiced by appellate counsel's failure to raise the issue.

In his brief on appeal, Sinachack asserts that his appellate counsel was ineffective in failing "to properly or specifically assign as error and argue each claim of ineffectiveness of Sinachack's trial counsel." Brief for appellant at 20. We read Sinachack's argument as incorporating each of the alleged deficiencies by trial counsel into his argument about appellate counsel's ineffective assistance. However, in Sinachack's amended motion for postconviction relief, he alleged only that appellate counsel was ineffective in failing to raise on direct appeal trial counsel's decision to provide the report from his forensic psychosexual evaluation to the State during plea negotiations: "Sinachack's formal claim of ineffective assistance of counsel arises . . . from [trial counsel's] actions and inactions in the context of plea negotiations."

[11] Sinachack did not incorporate into his amended motion any other allegation of ineffective assistance of appellate counsel. As such, his assertions that appellate counsel was ineffective in failing to raise on appeal trial counsel's failure to disclose to him a plea offer made by the State, investigate the allegations that he had sexual contact with the 15-year-old victim at a certain storage unit, file a motion to suppress evidence gained from his and the victim's cellular telephones, and move for a mistrial due to the State's acts of prosecutorial misconduct are raised for the first time in this appeal. Absent plain error, an appellate court ordinarily will not address an issue that was not raised in the trial court. See, e.g., *State v. Rocha*, 286 Neb. 256, 836 N.W.2d 774 (2013). Accordingly, the only issue of ineffective assistance of appellate counsel we address in this appeal is the assertion that appellate counsel

was ineffective in failing to raise on direct appeal trial counsel's decision to provide the report from Sinachack's forensic psychosexual evaluation to the State during plea negotiations.

In his amended motion for postconviction relief, Sinachack alleged that his trial counsel provided ineffective assistance in allowing the State to review the report from his forensic psychosexual evaluation during plea negotiations. Sinachack contended that prior to the State reading the report, "the State was willing to amend the Information to permit Sinachack to plead to a lesser sex offense requiring registration but without the 15-year mandatory minimum prison sentence." Sinachack further contended that after reviewing the report, the State was no longer willing to offer him a plea agreement, and that such decision was directly tied to the information contained in the report. In support of his claim, Sinachack filed simultaneously with his amended motion an index of evidence. Such index included copies of email correspondence between the prosecutor and trial counsel.

The district court considered the email correspondence in its analysis of Sinachack's postconviction claim. We also consider such evidence in our analysis, as prior case law demonstrates that attaching relevant documents to a postconviction motion has been an accepted practice. See, e.g., *State v. Starks*, 294 Neb. 361, 365, 883 N.W.2d 310, 315 (2016) (postconviction motion denied without evidentiary hearing; defendant claimed that "'years after the trial,'" he came into possession of report wherein police crime laboratory technician's statement showed one of State's witnesses lied; Supreme Court noted that "[t]he relevant portion of the report was attached to [the defendant's] postconviction motion"; and Supreme Court considered report when concluding district court properly rejected defendant's postconviction claim); *State v. McHenry*, 268 Neb. 219, 226, 682 N.W.2d 212, 220 (2004) (postconviction motion denied without evidentiary hearing; defendant "attached a copy of [a private] pathologist's letter . . . as an exhibit to his postconviction motion" and alleged that prior to his trial, his trial

counsel had received that letter which cast doubt on State's expert testimony; and defendant attached letter considered by Supreme Court in rejecting defendant's claim that trial counsel was ineffective for failing to investigate defense of alcohol poisoning).

We pause in our analysis to note that Sinachack did not include a copy of the psychosexual report in his index of evidence filed simultaneously with his amended motion for postconviction relief. He did, however, file a copy of the report with the district court at the time he filed his original motion for postconviction relief. While the district court's order is not completely clear, it appears that the district court probably did not consider the substance of the report in denying Sinachack's amended motion without an evidentiary hearing. Assuming without deciding that the content of the report could be considered in our analysis, we simply note that we have read the report, but do not reiterate the details included therein, other than to mention that the content addressed issues which in some cases strengthened and in some cases weakened Sinachack's plea-bargaining position. The content of the report, thus, does not support Sinachack's contention that trial counsel's decision to turn over the report to the State was entirely prejudicial. Certain aspects of the report supported trial counsel's position that Sinachack should be considered for probation.

Moreover, the email correspondence provided in the evidence index and exchanged between the prosecutor and trial counsel prior to the prosecutor's reading the report from Sinachack's psychosexual evaluation provides no indication that the prosecutor offered or considered any sort of plea agreement as it related to Sinachack's charges. In fact, none of the emails refer to any sort of plea negotiations; rather, they discuss trial preparation. The only email that could be read to mention plea negotiations was one sent by the prosecutor, asking trial counsel for a meeting, because there might be a "resolution" to discuss.

The email correspondence exchanged between the prosecutor and trial counsel after the prosecutor read the psychosexual evaluation report indicates that the prosecutor did not believe that a sentence of probation was appropriate for Sinachack: "And, I have had an opportunity to talk with the victim as well as review the file again based upon the information presented through the evaluation. Long story short, I don't see a probation recommendation heading your client's way." However, this does not appear to be a marked departure from the prosecutor's previous position. The prosecutor indicated at one point in the emails that he had previously offered to drop the charge of enticement by an electronic communication device in exchange for Sinachack's plea to first degree sexual assault of a child. Such a plea agreement would still include a mandatory minimum prison sentence. Trial counsel appeared intent on obtaining a plea agreement wherein Sinachack would not face a mandatory minimum sentence and would therefore be eligible for probation. The prosecutor explained, "I am not inclined to amend the charge as I have concerns on him being placed on a term of probation." Although trial counsel suggested that the prosecution amend the most serious charge to first degree sexual assault, a Class II felony, at one point, the prosecutor said: "I guess the question is, what is your client willing to serve? For example, I don't think he would enter a plea to a class 2 if the stipulated sentencing recommendation was 7-15 years (btw I am NOT offering that, just throwing out an example) . . . am I correct?" Trial counsel's response is to again reference the psychosexual evaluation report and highlight reasons why Sinachack would be a good candidate for probation.

In its review of Sinachack's postconviction claim, the district court found that the email correspondence did not support his claim of ineffective assistance of trial counsel, and thus, his claim of ineffective assistance of appellate counsel. The court stated: "A fair reading of the prosecutor's email at best, shows that the evaluation is but one of a number of considerations

in the prosecutor's disinclination to amend the charge." The court went on to find that allowing the prosecutor to review the report from Sinachack's psychosexual evaluation was a reasonable trial strategy and that Sinachack's postconviction assertion to the contrary was hypothetical and speculative.

[12] Upon our review, we affirm the decision of the district court to deny Sinachack's postconviction claim without an evidentiary hearing. Before addressing the present case, we review pertinent case law. The plea-bargaining process presents a critical stage of a criminal prosecution to which the right to counsel applies. As in any other ineffective assistance of counsel claim, we begin by reviewing Sinachack's allegations under the two-part framework of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See *State* v. *Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014). Trial counsel's failure to communicate a plea offer to a defendant is deficient performance as a matter of law. *Missouri v. Frye*, 566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012). See, also, *State v. Alfredson, supra.* In *Alfredson*, the Nebraska Supreme Court addressed the question of whether a purported offer of a plea agreement constituted a formal offer. The Supreme Court held that defense counsel has a duty to inform the defendant of any formal offer of a plea agreement, but agreed with the trial court that under the facts of that case, no formal offer had been made. Therefore, since there was no offer, trial counsel could not be found to be deficient in failing to communicate the purported offer to the defendant.

Here, Sinachack does not contend that there was any offer of a plea agreement. Rather, he argues that but for the provision of the psychosexual evaluation report, the prosecutor would have made an offer that he would have found acceptable. Sinachack's claim that trial counsel's decision to allow the State to read the evaluation prejudiced him during the plea negotiations is a mere conclusion of fact. Neither the email correspondence between trial counsel and the prosecutor nor Sinachack's claims in his amended motion directly tie

trial counsel's decision to any change in the State's position on a plea agreement. Instead, the information provided by Sinachack indicates that the State was always hesitant to amend the charge of first degree sexual assault of a child and never considered any sentence other than one requiring a long period of incarceration. Sinachack's claims to the contrary are wholly grounded in speculation.

As such, Sinachack's claim that appellate counsel provided ineffective assistance in failing to raise this issue on appeal must fail. Because Sinachack has failed to allege sufficient facts to support his assertion that trial counsel provided ineffective assistance during plea negotiations, he cannot demonstrate that appellate counsel provided ineffective assistance in failing to raise this issue in the direct appeal.

In his brief on appeal, Sinachack also asserts that the cumulative effect of the deficiencies of both his trial counsel and appellate counsel deprived him of his right to due process of law. We find no support for Sinachack's assertion. We have found a majority of Sinachack's assertions of ineffective assistance of counsel to be procedurally barred, either because he did not raise them in his direct appeal or because he raised them for the first time in this appeal. We have concluded that the one postconviction claim that was not procedurally barred is without merit because it amounted to a mere conclusion of fact without any support. As such, Sinachack's cumulative error argument is without merit.

## CONCLUSION

For the reasons set forth herein, we affirm the decision of the district court to deny Sinachack's amended motion for postconviction relief without an evidentiary hearing.

AFFIRMED.