IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COLEMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAVID J. COLEMAN, APPELLANT.

Filed January 2, 2024.    Nos. A-23-073, A-23-074.

Appeals from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Jason E. Troia, of Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, ARTERBURN and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

David J. Coleman appeals from the denial of his motions for postconviction relief in two separate cases in Douglas County District Court. The cases have been consolidated for briefing and disposition by this court. Coleman alleges the district court erred in denying his motions for postconviction relief, which are the same in each case, without an evidentiary hearing. Following our review, we affirm.

## BACKGROUND

Coleman was charged in two separate cases in Douglas County District Court. The cases were consolidated for the plea and sentencing hearings. In case No. CR21-98, Coleman pled no contest to two counts of child abuse resulting in serious bodily injury, each a Class II felony. In

case No. CR21-171, Coleman pled no contest to possession of a deadly weapon, not a firearm, by a prohibited person, a Class III felony. Coleman entered his pleas pursuant to a plea agreement where the State agreed to allow Coleman to plead to child abuse rather than attempted murder, to dismiss one charge, and not seek a habitual criminal enhancement.

For each conviction of child abuse resulting in serious bodily injury, Coleman received a sentence of 40 to 50 years' imprisonment. For his conviction of possession of a deadly weapon, not a firearm, by a prohibited person, Coleman received a sentence of 4 to 4 years' imprisonment. The sentences were all ordered to be served consecutively. Coleman filed a direct appeal alleging only that his sentences were excessive, and his convictions and sentences were summarily affirmed by this court. See *State v. Coleman*, A-21-753 and A-21-754 (December 29, 2021).

Coleman filed identical motions for postconviction relief in each case. As relevant to this appeal, Coleman alleged trial counsel was ineffective in failing to properly communicate the details of the plea agreement. Coleman claimed he was unaware he would be pleading to a weapons charge, and that once he realized it, he thought it would be a Class IV felony. He also alleged that trial counsel was ineffective in misleading him regarding the sentences he might receive. Coleman claimed that trial counsel told him to expect a sentence of around 20 years, serving 10, and that the sentences would run concurrently. Coleman alleged he would not have entered a plea if he had thought he could receive the sentence he did.

The district court denied the motion for postconviction relief without an evidentiary hearing. The district court found that Coleman's answers during the plea colloquy refuted his allegations that he did not understand either the details of the plea agreement or the possible sentences that could be imposed. Coleman appeals.

## ASSIGNMENTS OF ERROR

Coleman argues the district court erred in denying him an evidentiary hearing on the issue of the trial counsel's failure to communicate the details of the plea agreement, and in denying him an evidentiary hearing on the issue of trial counsel's prediction of a sentence.

## STANDARD OF REVIEW

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner has alleged facts that would support the claim, and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022).

## ANALYSIS

*Details of Plea Agreement.*

Coleman argues the district court erred in denying him an evidentiary hearing on his claim that trial counsel was deficient in failing to properly communicate the details of the negotiated plea agreement. The record refutes this claim of ineffective assistance of trial counsel.

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Sinachack*, 31 Neb. App. 187, 978 N.W.2d 195 (2022). A court must grant an evidentiary hearing to resolve the claims in a postconviction

motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *Id*. In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Sinachack, supra*. To show that counsel's performance was deficient under *Strickland*, the defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sinachack, supra*. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's performance, the result of the proceeding would have been different. *State v. Sinachack, supra*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020).

In his motions for postconviction relief, Coleman asserted that he did not know until the morning of the plea hearing that he would be pleading to a weapons charge, and that he thought the charge would be a Class IV felony. However, at the plea hearing the district court stated what its understanding of the plea agreement was, including that Coleman would plead to the weapons charge as a Class III felony, and asked Coleman if that is what he wanted to do; Coleman responded that it was. The district court explained the felony classification for each of the charges, as well as the associated penalties, and Coleman stated that he understood. The district court asked Coleman if the plea was his own free and voluntary act, if he had sufficient time to discuss the case with his attorney, and if he was satisfied with the representation from his attorney; Coleman responded affirmatively to each of those questions.

Coleman informed the district court that he understood the felony classifications and penalties, that the plea was his own free and voluntary act, that he had sufficient time to discuss the case with trial counsel, and that he was satisfied with trial counsel. He now claims the opposite. These allegations are refuted by Coleman's statements to the district court, and this is not a sufficient basis for postconviction relief. See *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013) (allegations of ineffective assistance which are affirmatively refuted by defendant's assurances to sentencing court do not constitute basis for postconviction relief).

We also note that in his motion for postconviction relief filed in the district court, Coleman failed to allege that but for trial counsel's performance in this regard he would have refused the plea agreement and insisted upon going to trial. But even if prejudice had been properly alleged, Coleman's answers during the plea colloquy refute this claim of ineffective assistance of trial counsel. The district court properly denied Coleman's motions for postconviction relief without an evidentiary hearing on this ground.

*Prediction of Sentences.*

Coleman argues the district court erred in denying him an evidentiary hearing on his claim regarding his trial counsel's prediction of a sentence. In his motion, he states that his trial counsel told him he would receive a sentence of around 20 years' imprisonment, serving 10, and that the sentences would be served concurrently. Coleman asserted that trial counsel was ineffective as he received more than four times the sentence discussed, and that he would not have entered the plea if he thought he might receive anywhere near the sentence he did.

At the plea hearing, the district court informed Coleman of the possible penalties associated with each charge. Coleman confirmed that he understood the possible penalties. The district court also informed Coleman that it had no idea what sentence it would impose, that it would learn more about Coleman from the presentence investigation, and that trial counsel would make a recommendation as well. The district court informed Coleman that it would listen to input, but that the final decision was up to the district court. Coleman confirmed that he understood. The district court also informed Coleman that because there were three charges, Coleman would receive three sentences, and that the district court would have to decide whether to impose the sentences concurrently or consecutively. Coleman confirmed that he understood.

This exchange shows that Coleman knew the possible sentences he could receive, knew that at the time of the plea hearing the district court did not know what sentences it might impose, and knew that the district court would consider information presented to it before deciding on the sentences. Coleman was aware that the sentences were still undecided, he was aware of the possible sentencing ranges, and that the sentences could be concurrent or consecutive. He still chose to enter his pleas. While his motion for postconviction relief contends that he would never have entered his pleas if he knew he might receive close to the sentences he did, the plea colloquy shows that he did know the possible range of sentences and still chose to enter his pleas.

During the plea colloquy, the district court asked if "[o]utside of talking with your lawyer, has anybody promised you anything or [forced] you in any way to give this plea here today" to which Coleman responded negatively. In his argument on appeal that counsel was ineffective in his prediction of Coleman's sentence, Coleman argues that this phrasing left open the possibility that there was a promise or duress by his trial counsel. However, Coleman made no such assertion in his postconviction motion as it relates to counsel's sentencing prediction. Rather, he claimed counsel was ineffective in rendering an erroneous prediction of what his sentence would be; not that counsel promised him a set sentence. And we have rejected that claim because the record affirmatively shows that the court advised Coleman of the potential range of sentences, that they could be ordered concurrently or consecutively, and that the judge would make the ultimate decision. Therefore, we disagree with Coleman's contention that the court's phraseology, which excluded conversations with counsel, left open the potential that there was a promise by counsel that influenced Coleman's decision to plead.

### CONCLUSION

We find the district court properly denied the motions for postconviction relief without an evidentiary hearing, and we affirm the judgment of the district court in both cases.

AFFIRMED.