IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. IRATUKUNDA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

NURU P. IRATUKUNDA, APPELLANT.

Filed June 16, 2026.    No. A-25-500.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Benjamin Lee Bramblett for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

MOORE, PIRTLE, and WELCH, Judges.

PIRTLE, Judge.

### INTRODUCTION

Nuru P. Iratukunda appeals from the order of the district court for Douglas County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

### BACKGROUND

In February 2022, the State filed an amended information charging Iratukunda, who was 23 years old, with three counts of sexual assault of a child in the third degree, Class IB felonies, all of which occurred between May 24, 2019, and May 23, 2020. The victim, V.U., was Iratukunda's minor cousin and was living with Iratukunda and his family at the time of the assaults. Iratukunda thereafter entered a plea of not guilty to all charges set forth in the amended information and waived a preliminary hearing related to the amended information. Prior to trial, the State filed

two motions in limine, one of which included a notice to offer evidence pursuant to Neb. Evid. R. 404(2) (admissibility of "other bad acts" evidence).

A jury trial was held in February and March 2022. During the jury trial, Deborah Heckman, a resource paraprofessional at V.U.'s school, testified that V.U. contacted her and confided in her about her physical abuse. Heckman testified that on April 5, 2021, her husband received threatening messages on his phone addressed to her. The first message indicated that Heckman was falsely accusing "that young boy." Heckman responded to the message, asking "Who are you talking about?" The response was "Nuru, the boy [you] accused of rape." Heckman testified that based on the response, she had no doubt that someone from Iratukunda's family was sending the messages. She stated that there was another message sent that said she "won't have peace." The sender of the messages did not identify himself or herself and Heckman admitted she did not know who sent the texts but knew it was not Iratukunda because he was incarcerated at the time. The State offered the text messages as evidence and Iratukunda objected based on foundation. The court noted the objection but received the exhibit.

V.U. testified and described the sexual abuse she experienced from Iratukunda. V.U. testified to specific instances where Iratukunda subjected her to digital, oral, and vaginal penetration, all while she was under 12 years of age. Detective Juan Jimenez of the Omaha Police Department testified that V.U. was brought into Project Harmony for a forensic interview, based on allegations of physical and sexual abuse. Jimenez observed that during the forensic interview, V.U. disclosed physical and sexual abuse by Iratukunda. Jimenez testified to interviewing Iratukunda and said that Iratukunda corroborated V.U.'s allegations regarding physical abuse or discipline but denied any sexual abuse had occurred.

Janessa Michaelis, who performed the forensic interview of V.U. at Project Harmony, testified about the forensic interview process in general, and then V.U.'s recorded interview was played for the jury. In the interview, V.U. revealed sexual abuse by Iratukunda consistent with her testimony at trial. Jessica Tippery, a nurse practitioner at Project Harmony, testified to her conversation with V.U. before administering the forensic exam. Tippery said that V.U. disclosed that Iratukunda hit her on her shoulder, upper arm, legs, back, and butt and that sometimes he hit her with a belt, a stick, or toys. Tippery also stated that V.U. disclosed sexual abuse by Iratukunda.

Several witnesses testified on Iratukunda's behalf. Hope Lino, Iratukunda's girlfriend, testified to seeing Iratukunda punish V.U. on two occasions by making her kneel with her hands up in the air. Neema Samira, Iratukunda's mother, testified that Iratukunda was never alone with V.U. and that V.U. never told her that Iratukunda abused her or touched her inappropriately. Iratukunda also testified and he denied ever touching V.U. inappropriately, giving her a shower, or penetrating any part of her body with his hand or penis.

The jury found Iratukunda guilty of all counts of sexual assault of a child in the third degree. Iratukunda was subsequently sentenced to 30 to 50 years' imprisonment on each count. All sentences were ordered to be served concurrently.

On direct appeal, Iratukunda, who was represented by different counsel than his trial counsel, assigned, restated, that the trial court erred in (1) failing to overrule the State's two motions in limine and (2) finding that the evidence was sufficient to convict him. Iratukunda also alleged that his trial counsel was ineffective in the following ways: (1) failing to object to the State's comments and line of questioning during voir dire, and his counsel's subsequent use of the

line of questioning was deficient and prejudicial; (2) failing to object to the admissibility of Heckman's testimony regarding an email V.U. sent to her, as well as statements related to the physical abuse of V.U.; (3) failing to object to the admissibility of the text messages Heckman received on grounds other than foundation; and (4) failing to object to the State's improper impeachment of Samira. This court affirmed Iratukunda's convictions and sentences. See *State v. Iratukunda*, No. A-22-973, 2023 WL 7319121 (Neb. App. Nov. 7, 2023) (selected for posting to court website). We found that the record was insufficient to rule on the ineffective assistance of counsel claim regarding the failure to object to the admissibility of the text messages to Heckman on grounds other than foundation and held that the claim was properly preserved for postconviction proceedings.

On September 23, 2024, Iratukunda, pro se, filed a motion for postconviction relief. Iratukunda alleged, restated, that his appellate counsel was ineffective when he failed to (1) raise on direct appeal the trial court's improper admission of evidence over objection; (2) raise on appeal the evidentiary issues relative to the State's motion in limine; (3) recognize and raise on appeal the improper and prejudicial testimony of the State's witnesses, as well as trial counsel's ineffective assistance in failing to object and move for a new trial; and (4) raise on appeal deficiencies in the charging documents and jury instructions, and failing to raise on appeal trial counsel's ineffectiveness in failing to address this issue in the trial court. Iratukunda also alleged that trial counsel was ineffective when he failed to object to or challenge the admission of threatening text messages.

On January 30, 2025, Iratukunda, by and through his postconviction counsel, filed another motion for postconviction relief. In this motion, Iratukunda alleged that his trial counsel was ineffective for (1) failing to object or request a limiting instruction in response to a line of questioning related to Iratukunda's country of origin and the acceptability of having sexual relations with children there; (2) failing to object to the admissibility of Heckman's testimony related to an email chain the victim sent to her containing a picture of the victim crying, as well as statements related to the Iratukunda's physical abuse of the victim; (3) failing to object to the admissibility of the text message purportedly sent to Heckman on grounds other than foundation; (4) failing to object to the State's motion in limine related to eliciting rule 404 testimony and barring testimony from Iratukunda's sister related to statements made by the witness as hearsay, or failing to make an offer of proof if the objection was overruled; and (5) failing to object to the State's improper impeachment of Iratukunda's mother with facts not in evidence.

On May 16, 2025, the State filed a response to both of Iratukunda's postconviction motions, asserting that Iratukunda's claims for relief were either not pled with specific facts or the record affirmatively established his claims were without merit.

On June 6, 2025, the district court entered an order denying Iratukunda's motion for postconviction relief without an evidentiary hearing. The court found that Iratukunda's postconviction motions reasserted identical issues that were previously rejected on direct appeal and therefore were procedurally barred. The court found that the remainder of Iratukunda's pro se claims, as well as claims filed by counsel, were based on ineffective assistance of trial counsel and/or appellate counsel. The court noted that on direct appeal, we found that the record was insufficient to rule on one claim of ineffective assistance of trial counsel that was raised, with

respect to trial counsel's failure to object to the admission of text messages sent to Heckman by an unknown party, and that the claim was properly preserved for postconviction proceedings.

The court, after considering the totality of the evidence, found the record refuted that Iratukunda suffered any prejudice, meaning that if counsel was deficient in any of the claims alleged, the decision in this case would not have been any different, in light of the evidence adduced at trial. The court also considered that Iratukunda presented conclusory statements as to how he was prejudiced by the conduct of his trial or appellate counsel and therefore failed to allege facts that showed how he suffered prejudice. The court reasoned that Iratukunda was not entitled to an evidentiary hearing based on these findings with regard to prejudice.

The court also determined that Iratukunda's claims of deficiency for both trial and appellate counsel failed to cite any authority establishing that any of those objections would have been successful. The court found that Iratukunda failed to show sufficient facts to warrant an evidentiary hearing. The court concluded that each argument in Iratukunda's motion for postconviction relief was either insufficiently pled, without merit, or procedurally barred.

Iratukunda appeals.

## ASSIGNMENT OF ERROR

Restated, Iratukunda assigns the district court erred in refusing to grant his request for an evidentiary hearing and his motion for postconviction relief.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Bershon*, 33 Neb. App. 523, 18 N.W.3d 810 (2025).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Sinachack*, 31 Neb. App. 187, 978 N.W.2d 195 (2022). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id.*

## ANALYSIS

Iratukunda challenges the district court's denial of his motion for postconviction relief without first holding an evidentiary hearing on his ineffective assistance of counsel claims. Before addressing his specific arguments on appeal, we set forth the general principles applicable to postconviction motions.

The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Bershon, supra.* However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only

conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

In appealing the denial of his motion for postconviction relief, Iratukunda only argues four assignments of error that allege the district court erred in denying his motion because his trial counsel erred by (1) failing to object or request a limiting instruction in response to a line of questioning related to Iratukunda's country of origin and the acceptability of having sexual relations with children there; (2) failing to object to the admissibility of testimony related to an email chain; (3) failing to object to the admissibility of the text messages purportedly sent to Heckman on grounds other than foundation; and (4) failing to object to the State's motion in limine, which related to eliciting 404 testimony and barring testimony from Iratukunda's sister related to statements made by the victim as hearsay.

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Keadle*, 320 Neb. 583, 28 N.W.3d 524 (2025). In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *State v. Keadle, supra.* The two prongs of this test--deficient performance and prejudice--may be addressed in either order, and the entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *State v. Bershon*, 33 Neb. App. 523, 18 N.W.3d 810 (2025). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To establish prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

*Culture Discussion During Voir Dire.*

The district court determined that the ineffective assistance of counsel claim regarding the failure to object or request a limiting instruction during a discussion about culture during voir dire was procedurally barred because it had been asserted on direct appeal. On direct appeal, we concluded that even if Iratukunda's counsel was deficient for failing to object to the State's voir dire and engaging in the same line of questioning, Iratukunda could not establish prejudice. See *State v. Iratukunda*, No. A-22-973, 2023 WL 7319121 (Neb. App. Nov. 7, 2023) (selected for posting to court website).

A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025). Iratukunda raised the issue of the culture discussion during voir dire on direct appeal. He may not use a motion for postconviction relief to seek further review on this claim. The district court correctly concluded that this claim is procedurally barred.

*Testimony Regarding Email Chain.*

The district court determined that the ineffective assistance of counsel claim regarding the failure to object to testimony about an email chain between Heckman and V.U. was procedurally

barred because it had been asserted on direct appeal. On direct appeal, we concluded that the testimony in question was admissible, and therefore Iratukunda could not prove that his trial counsel was ineffective in failing to object. See *State v. Iratukunda, supra*.

As previously stated, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. Iratukunda raised the issue of testimony regarding Heckman's testimony on direct appeal. He may not use a motion for postconviction relief to seek further review on this claim. The district court correctly concluded that this claim is procedurally barred.

*Admissibility of Text Messages.*

The district court determined that the ineffective assistance of counsel claim regarding the failure to object to the text messages sent to Heckman failed, as Iratukunda was not prejudiced nor was trial counsel deficient. Iratukunda claimed in his motion for postconviction relief, that his trial counsel was ineffective for failing to object to the admissibility of text messages sent to Heckman on grounds other than foundation, asserting that the texts were not properly authenticated, the texts were not relevant and were prejudicial, and the statements in the texts were hearsay because they were not sent by Iratukunda. He alleges that if the text messages had been objected to, it would have led to a different outcome at trial. The State counters that this claim was not sufficiently pled and that Iratukunda cannot show deficient performance or prejudice. In other words, the State argues that even if trial counsel had objected to the text messages on different grounds, the outcome of trial would not have been any different, considering the evidence against Iratukunda.

We agree with the State that, given the other evidence adduced at trial, there is not a reasonable probability that an objection to the text messages on different grounds would have changed the outcome of the trial. The text messages did nothing to bolster or disprove the testimony and evidence adduced that V.U., while under the age of twelve, was sexually assaulted by Iratukunda on three separate occasions. Thus, Iratukunda has failed to establish prejudice, and this claim of ineffective assistance of trial counsel was properly denied without an evidentiary hearing.

*Motions in Limine.*

Iratukunda also asserts that trial counsel was ineffective for failing to object to the State's motion in limine relating to eliciting "404" testimony and barring testimony from Iratukunda's sister related to statements by "the witness" as hearsay. The district court did not directly address whether trial counsel would be deficient in failing to object to the State's motion in limine but concluded that rulings on motions in limine are not final rulings on the admissibility of evidence and that challenging such rulings does not trigger anything for an appellate court to review. See *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). Further, Iratukunda also did not raise this claim of ineffective assistance of trial counsel on direct appeal.

A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025).

Iratukunda did not raise this claim of ineffective assistance of trial counsel on direct appeal (nor does he raise this claim as a failure by his appellate counsel to raise this claim on direct appeal) and, therefore, this claim is procedurally barred.

CONCLUSION

For the reasons stated above, we affirm the district court's denial of Iratukunda's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.